SMITH, Circuit Judge,
dissenting.
I respectfully dissent. I would affirm the district court’s conclusion that U.S. Cellular’s original claim under the TCA is moot. The TCA ensures effective and hopefully efficient legal process in state and local zoning decisions affecting cellular tower placement. It does not guarantee approval. U.S. Cellular’s inability to erect its telecommunications tower in Franklin County after four years, while regrettable, is unrelated to its original claim that the BOZA violated the TCA’s procedural requirements when it originally denied U.S. Cellular’s application for a CUP.
The TCA allows federal courts to review the decisions of local authorities to ensure that those decisions comply with the TCA’s requirements. It does not create the trump card that U.S. Cellular seeks: namely, as the majority opinion describes it, to “remove the barriers standing in the way of erection of a telecommunications tower.” In enacting the TCA, “Congress did not give the courts authority to hear a zoning case anew or to take new evidence, but only to review the ‘written record’ for ‘substantial evidence’ supporting the decision of the local authority.” USCOC of Greater Iowa, Inc. v. Zoning Bd. of Adjustment of Des Moines, 465 F.3d 817, 820 (8th Cir.2006) (quoting 47 U.S.C. § 332(c)(7)(B)(iii)). Indeed, “[t]he TCA contains no substantive law or guidance on granting or denying permits for cellular towers and does nothing to erode the power of local authorities to enforce traditional zoning concerns.” Id. at 822. Instead, the TCA explicitly provides that “[ejxcept as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.” 47 U.S.C. § 332(c)(7)(A). State and local decisions will stand “so long as such decisions do not discriminate among providers and do not effectively prohibit ‘the provision of personal wireless services’ — and so long as the decision is in writing and supported by substantial evidence.” USCOC of Greater Iowa, 465 F.3d at 822 (quoting 47 U.S.C. § 332(c)(7)(B)). Thereafter, a person “adversely affected by any final action or failure to act” by the state or local authority may bring suit in the district court, and the district court must “hear and decide” that suit “on an expedited basis.” 47 U.S.C. § 332(c)(7)(B)(v). Nothing in the statute guarantees that a wireless service provider will receive all the permits it needs to construct a telecommunications tower.
Here, U.S. Cellular brought its original action in the district court to challenge the BOZA’s decision denying its CUP applica *934 tion. In its complaint, U.S. Cellular argued that the BOZA’s decision did not comply with the TCA’s “in writing” and “substantial evidence” requirements. The district court agreed and remanded the matter to the BOZA for reconsideration. On remand, the BOZA reversed course and granted U.S. Cellular’s application for a CUP. In response to the BOZA’s second decision, a third party, Fritz Trust, brought suit in state court challenging the BOZA’s second decision. U.S. Cellular now argues that, because of the uncertainty caused by this third-party challenge, Franklin County has not actually issued the CUP, nor will it grant another permit that U.S. Cellular needs, a building permit. Whether or not this is true, there is no longer any decision by the BOZA for this court to review. The first BOZA decision, which violated the TCA’s requirements, has been superceded by the second BOZA decision. The instant record does not establish how Franklin County’s response to the Fritz Trust action in state court violates the TCA’s requirements.
The Third Circuit’s decision in Ogden does not change the analysis. In Ogden, the plaintiffs initially brought suit in the district court, alleging a violation of the TCA based on the local zoning board’s denial of a zoning permit. 504 F.3d at 376. The district court found that the local zoning board’s decision violated the TCA, and in response, the zoning board issued the permit. Id. at 376-77. Thereafter, the plaintiff applied to the local building inspector for a building permit, which the building inspector denied. Id. at 377. As a result of this decision, the plaintiff returned to the district court, seeking an order to compel the issuance of the building permit. Id. The district court found “nothing in the record before it that would support the denial ... of a building permit” and determined that remanding to the local authorities to reconsider the application “would frustrate the intent of the TCA.” Id. As a result, the district court ordered the local authorities to issue all necessary permits, including the building permit. Id. The Third Circuit affirmed, “concluding] that the court properly ordered the issuance of the building permits as a supplemental remedy to the Township’s violation of the TCA.” Id. at 396.
These facts are distinguishable. Here, unlike Ogden, after the BOZA granted the CUP, Fritz Trust — not Franklin County— initiated legal action that halted U.S. Cellular’s tower construction. In addition, unlike Ogden, where the building inspector actually denied the building permit, it is impossible to discern from the record what steps, if any, U.S. Cellular has actually taken to get Franklin County to issue the CUP or the building permit and how Franklin County has responded.[3] Cf. Nextel Partners, Inc. v. Kingston Twp., 286 F.3d 687, 692 (3d Cir.2002) (“In the absence of a request to approve the construction of a facility, the failure to approve the facility is not a ‘failure to act’ within the meaning of this provision.”). While the *935 Ogden court did not address the issue of mootness, the court did have a decision by the local authority that it could review, and it did find that this decision violated the TCA. Here, in sharp contrast, there is no action by Franklin County for this court to review. Cf. Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1003-04 (7th Cir.2004) (finding that the court could not review Sprint’s claim because “until Sprint is told definitely whether or not it is permitted to install an antenna and equipment shelter, it is mere speculation whether it even has an injury to complain of’). Moreover, to the extent that U.S. Cellular seeks judicial review of Franklin County’s “failure to act,” in light of the Fritz Trust action, a failure-to-act allegation would constitute a distinct claim alleging a distinct violation of the TCA. See 47 U.S.C. § 332(e)(7)(B)(ii) (requiring state and local authorities to act on any permit applications “within a reasonable period of time”). In sum, while Ogden may suggest that this court could retain jurisdiction “to resolve any issues between the parties as to further site plan and building permit issues” — as U.S. Cellular’s complaint requested — U.S. Cellular, unlike the plaintiff in Ogden, has failed to show that there is a cognizable issue for this court to review.
Because there is no longer a BOZA decision that violates the TCA for this court to review, I would find that U.S. Cellular’s TCA claim is moot. Accordingly, I would affirm the district court.

. In a memorandum supporting its motion for judgment, U.S. Cellular merely asserted that “Franklin County refuses to issue the building permit because of, upon information and belief, [Intervenor] Fritz’s pending claims.” At oral argument, when asked whether U.S. Cellular had applied for a building permit, counsel responded, equivocally and somewhat cryptically:
We have asked that the building permit be issued. One of the concerns is that because of the ongoing litigation, any building permit is under the cloud of the ongoing challenges. So for those reasons, as a practical matter, it makes it difficult to build a tower without the security of knowing that the litigation is wound up.
U.S. Cellular has not identified which provisions of the TCA that Franklin County’s action (or inaction) would violate.